UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO.: |
| | : | |
| v. | : | |
| | : | |
| $40,000.00 DOLLARS IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: SUMMER RAY RICARDO, INDIVIDUALLY AND AS PRINCIPAL OF PARAGON AND TEMPTRESS EMPIRE LINGERIE, LLC] | : | January 30, 2020 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960, and 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $40,000.00 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

1

5.      Summer Ray Ricardo ("Claimant") submitted an administrative claim of ownership as to the Defendant Currency individually and as principal of Paragon, a business entity purportedly located in Pinellas County, Florida, and as principal of Temptress Empire Lingerie, LLC, a business entity located in Albany, New York..

Background of Investigation

6.      On October 19, 2018, the Transportation Security Administration ("TSA") conducted an airline passenger screening of an individual identified as Luis Medina and his possessions at Bradley International Airport, Windsor Locks, Connecticut.

7.      Mr. Medina presented himself at the TSA security checkpoint at approximately 5:00 p.m. on October 19, 2018, in order to board a flight to Tampa, Florida, that was scheduled for departure at 5:26 p.m., according to Mr. Medina's boarding pass.

8.      Law enforcement is familiar with the methods in which bulk cash smugglers attempt to pressure airport screeners to clear passengers for flight by arriving at security screening so close to their departure time.

9.      During the course of Mr. Medina's initial security screening, TSA agents were alerted to anomalies discovered in his carry-on suitcase, specifically inside an envelope later found to contain four (4) stacks of United States currency. These anomalies prompted TSA agents to initiate a secondary baggage screening.

10.     Law enforcement initiated a non-custodial interview of Mr. Medina in the TSA screening area.

11.     When asked by law enforcement during the secondary screening how much money he had in his possession, Mr. Medina stated that he had approximately $40,000.00 in United States currency in his possession.  Mr. Medina added that the owner of the company he

was employed by would be able to provide documentation regarding the source of the Defendant Currency.

12. Mr. Medina informed law enforcement that the Defendant Currency was the property of "Paragon LLC," his employer, and was a collection of monies owed to Paragon as a result of payment to the company arising out of a photography contract.

13. Mr. Medina informed law enforcement that he was recently at the MGM in Springfield, Massachusetts representing Paragon and working with another company known as "Temptress Empire."

14. While in Springfield, Massachusetts, Mr. Medina was instructed by the Claimant as owner of Paragon to travel to Paragon's Albany, New York, office to retrieve the Defendant Currency and deliver it to Paragon's office located in Clearwater, Florida. At no time throughout the initial and secondary security screening processes did Mr. Medina state or infer that the Defendant Currency was his property, rather, his only connection to same was for purposes of transporting the Defendant Currency from one office to the other.

15. Upon further questioning Mr. Medina could not provide any reason why a business would transport currency in this fashion as opposed to using more conventional methods utilized by the banking system.

16. Mr. Medina provided law enforcement with telephone contact information for the Claimant, but attempts to reach her at the contact numbers provided were unsuccessful at the time of the security screening.

17. During the execution of an NCIC background check it was discovered by law enforcement that Mr. Medina had an extensive criminal arrest record dating back to 2001, inclusive of assault, rape, weapons and desertion violations.

18.     Based upon the circumstances of Mr. Medina's presentment at the TSA security checkpoint, his contradictory statements given to investigators, his extensive criminal history and his inability to provide any credible source for the Defendant Currency, law enforcement established probable cause to believe that the Defendant Currency was the proceeds from the sale of narcotics and/or controlled substances.  Law enforcement then seized the currency from the possession of Mr. Medina.  When asked for contact information by which he would receive notice of the seizure and subsequent forfeiture of the Defendant Currency, Mr. Medina stated that he didn't want anything to do with the money and that notice should be sent to Paragon at their business address in Albany, New York.

19.     Law enforcement then took the Defendant Currency into evidence and presented it to a Hartford Police Department certified narcotics detection canine for purposes of inspection. The narcotics detection canine alerted to the presence of narcotics directly on the Defendant Currency.

20.     On or about October 25, 2018, U.S. Customs and Border Protection ("CBP") sent Mr. Medina and the Claimant a "Notice of Seizure and Information to Claimants CAFRA Form."

21.     On or about November 12, 2018 CBP received the Claimant's completed "Election of Proceedings - CAFRA Form" and "Seized Asset Claim Form" stating that she was the owner of the Defendant Currency and requesting that CBP consider the petition administratively prior to referral of the claim for judicial action. In her petition, Claimant stated that she "directed Luis Medina to transport [her] business and personal funds, to Florida Paragon office."

22.     After a review of the Claimant's administrative petition, on December 6, 2018, law enforcement interviewed the Claimant via telephone.  The Claimant informed law

enforcement that she was the owner of Paragon and Temptress Empire Lingerie, LLC, the two businesses which contracted with each other for photography work at the MGM Springfield. Despite identifying herself as the owner of the two business entities, she could not provide investigators with incorporation information at the time of the interview. The Claimant confirmed that she does have accounts at banks in both Florida and New York.

23. When asked for further supporting documentation of her legitimate ownership of the Defendant Currency, the Claimant became reluctant to provide the information. She additionally stated that she was not willing to provide any further substantiating information regarding the source of the Defendant Currency. She said that she would send in any additional information she could find.

24. On the same date, during a follow up conversation, Claimant provided law enforcement an email address. Law enforcement sent a series of questions and Claimant was asked to respond by January 11, 2019.

25. On January 11, 2019, counsel for the Claimant sent a power of attorney to CBP, along with a request for additional time to review the questions and provide a proper response.

26. Counsel for the Claimant provided CBP with a petition package on February 21, 2019, which was then supplemented on or about May 13, 2019. Both petitions were denied, thereby exhausting the administrative process for the Defendant Currency.

27. On or about November 5, 2019, CBP received a CAFRA election of proceedings form notifying of the Claimant's filing of a Claim and requesting referral for Court action.

Claims for Relief

28. Based upon the above information, it is believed that the Defendant Currency constitutes property or is derived from proceeds traceable to a violation constituting "specified

unlawful activity," in violation of 18 U.S.C. § 1957, and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A).

29. The Defendant Currency represents proceeds or property derived from engaging in a transaction or attempted transaction of laundering of monetary instruments or an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1956 and 1960, and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A).

30. The Defendant Currency represents money furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., proceeds traceable to the exchange of controlled substances, and money used or intended to be used to facilities in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that Warrants of Arrest In Rem be issued for the Defendant $40,000.00 in United States currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America be granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

_____/s/ David C. Nelson_____
DAVID C. NELSON
ASSISTANT UNITED STATES ATTORNEY
FED BAR NO.: ct25640
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT 06510
PHONE: (203) 821-3700
david.c.nelson@usdoj.gov

## DECLARATION

I am a Special Agent for the Department of Homeland Security, and the officer assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of January, 2020.

                                                      /s/ Alexander Davis
                                                  ALEXANDER DAVIS
                                                  SPECIAL AGENT
                                                  HOMELAND SECURITY INVESTIGATIONS